```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - - - X

KWAME PANYE, et ano,

                Plaintiffs,

                                     ORDER

    - against -

                                    CV 2005-0071 (SLT)(MDG)

ARTHEA A. PETERSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - X

     By letter dated September 9, 2005, Michael Kelly, counsel for defendant, seeks to compel discovery ("Def.'s Sept. Let.") (ct. doc. 8). To date, plaintiff has submitted no response.

     As set forth in the letter of Mr. Kelly, not only did plaintiffs fail to provide automatic disclosures and medical authorizations, they have been ordered to do so numerous times. In an order dated January 18, 2005 which was faxed to plaintiffs' counsel, this Court reminded the parties of the requirement in Rule 26(a)(1) of the Federal Rules of Civil Procedure to provide automatic disclosures. This Court also directed plaintiff to provide authorizations for pertinent medical records.

     Because plaintiffs failed to comply by the initial conference on February 23, 2005, this Court directed plaintiffs to provide the disclosures and authorizations by March 20, 2005 (ct. doc. 5). In response to the letter of counsel for defendant dated May 25, 2005 (ct. doc. 7) advising that plaintiffs still had not provided the documents, this Court electronically entered

an endorsed order on June 27, 2005 directing compliance by July 26, 2005. Plaintiffs' counsel apparently did not receive notice of the endorsed order because he was not. and still is not, registered for electronic case filing ("ECF"). However, Mr. Kelly faxed a copy of the order to counsel on August 19, 2005, after Mr. Kelly tried to confer with opposing counsel regarding plaintiffs' non-compliance. Def.'s Sept. Let. at 1-2.

Since counsel for defendant filed the instant application electronically, this Court is not certain whether plaintiff has received a copy.[1] However, plaintiffs' counsel should be aware of the obligations under Rule 26(a)(1) to provide automatic disclosures and was sent at least three orders directing that plaintiffs provide automatic disclosures and authorizations. Plaintiffs are give a final opportunity to comply and must do so by October 12, 2005.

In addition, plaintiffs' counsel of record, Charles Berkman, failed to register for ECF, in violation of this Court's directive in the initial conference order. See ct. doc. 3 at 3. That order was faxed to Mr. Berkman with a cover sheet containing a further warning to register for ECF. At the initial conference, this Court yet again warned counsel to register. Mr. Berkman, who commenced this action after the Court instituted mandatory ECF, is counsel of record in at least two other pending cases. He undoubtedly is aware of the Court's Administrative

---

[1] Mr. Kelly did not indicate in his letter whether he mailed or faxed a copy to plaintiff's counsel.

Order 2004-08 regarding mandatory ECF and of the need to register in order to participate in ECF.

Given the ample notice given to plaintiffs' and his counsel, this Court finds that sanctions are warranted. In addition to this Court's inherent authority to impose sanctions,[2] this Court may impose sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for failure to comply with an order to provide discovery. In addition, a party failing to provide automatic disclosures may be subject to the sanctions enumerated under Rule 37(a)(4). Accordingly, this Court sanctions plaintiff $100, payable to the defendant for the costs and fees expended in its effort to obtain the discovery. This sanction is imposed jointly on both the clients and counsel. See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir. 1988) (Rules 37(a) and 37(d) permit imposition of monetary sanctions on counsel).

CONCLUSION

For the foregoing reasons, plaintiffs and their counsel are jointly sanctioned $100, which payment must be made to counsel for defendant, by October 7, 2005. Plaintiffs must provide automatic disclosures and authorizations by October 12, 2005. They are warned that if they fail to comply with this order or to

---

[2] See Carlisle v. United States, 517 U.S. 416, 426 (1996) (inherent authority to dismiss for failure to prosecute); Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir. 1996) (inherent authority necessary to manage affairs to achieve the orderly and expeditious disposition of cases).

-3-

respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed.

Mr. Berkman must register for ECF by October 7, 2005, or, in the alternative, an attorney associated with Mr. Berkman who is registered for ECF must electronically file a notice of appearance in this case. A copy of this order will be faxed to Mr. Berkman. However, he is warned that if he fails to comply with the requirement to register for ECF, he will be held responsible for any consequence resulting from his failure to receive notices of a filing in this case.

Discovery is extended December 15, 2005 and the next conference is adjourned to December 16, 2005 at 11:30 a.m.

**SO ORDERED.**

Dated: Brooklyn, New York
September 22, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE